IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREEM MARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-106 (MTT) |
| | ) |
| CENTRAL PORTFOLIO CONTROL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On March 23, 2023, plaintiff Kareem Marshall, proceeding pro se, filed his complaint. Doc. 1. That same day, he filed a motion to proceed *in forma pauperis* ("IFP"). Doc. 2. For the reasons stated, Marshall's motion to proceed IFP (Doc. 2) is **GRANTED**. However, Marshall's complaint lacks important factual allegations that Marshall may have omitted because of his pro se status. Thus, the Court **ORDERS** Marshall to amend his complaint by **April 20, 2023**.

### I.  DISCUSSION

**A.  Motion to Proceed IFP**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a)(1), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

When considering a motion to proceed IFP filed under § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (cleaned up).  A plaintiff is not required to show he is "absolutely destitute." *Id.* (citation omitted).  Rather, "an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*  "A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014) (citing *Martinez*, 364 F.3d at 1307-08).

However, § 1915(a) "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (citation omitted).  Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014) (citations omitted).  District courts have "wide discretion" in deciding whether a plaintiff can proceed IFP, and "should grant the privilege sparingly," especially in civil cases for damages.  *Martinez*, 364 F.3d at 1306 (citation omitted).

Marshall's IFP affidavit establishes that he cannot pay the court fees.  Doc. 2.  Thus, the Court finds that Marshall is unable to pay the costs of this proceeding without undue hardship and therefore his motion for leave to proceed IFP (Doc. 2) is **GRANTED**.

**B. Frivolity Review**

Section 1915 does not create an absolute right to proceed IFP in civil actions. "Where the IFP affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question of whether the asserted claim is frivolous." *Martinez*, 364 F.3d at 1307 (internal quotation marks, alterations, and citation omitted). When allowing a plaintiff to proceed IFP, the Court shall dismiss the case if the Court determines that the complaint (1) "is frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). However, because Marshall is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks and citation omitted). But "[d]espite

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Marshall alleges defendants Central Portfolio Control, Transunion, and Experian have committed "willful acts of hate" for which he has a remedy under the following civil and criminal statutes: 18 U.S.C. § 1964; 42 U.S.C § 1983; the Fair Debt Collection Practices Act; the Fair Credit Reporting Act; 18 U.S.C. §§ 241 & 242; 42 U.S.C. § 1981; and 18 U.S.C. § 1028.  Docs. 1; 1-2 at 1-3.  However, Marshall's allegations against these defendants are wholly conclusory.  He alleges the defendants have violated his rights under certain statutes without explaining what specific conduct was unlawful.  For example, he states the defendants violated the FDCPA "by, evidence, 'Exhibit C', of the false and misleading character of debt, unlawfully using [his] personal identification information to create fraudulent reporting's for the consumer reporting agencies" and "have violated [his] rights under the, FCRA … by evidence, 'Exhibit C', of the unlawful torturing reporting's of a consumer report to consumer reporting agencies without permissible purpose."  Doc. 1-2 at 5-6, 15.  He then lists the number of "counts" committed by the applicable defendant on certain dates, but does not explain what he means by "count."  *Id*. at 5-21.  The Court assumes Marshall is complaining of allegedly false credit reports, but it is unclear what specific conduct by the defendants related to these reports was unlawful, why that conduct was unlawful, and how he was injured as a result of that allegedly unlawful conduct.

Thus far, Marshall's allegations appear thin, and the Court is unable to conduct a thorough frivolity review.  *See* 28 U.S.C. § 1915(e)(2)(b) (stating that a court is required

to dismiss a case brought by a pro se plaintiff if it (1) is frivolous, or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief). It is not clear whether this deficiency is because of the manner in which the allegations have been pled, or whether they simply lack substance. However, given Marshall's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").

For these reasons, Marshall is **ORDERED** to amend his complaint to include all facts that he wishes to make a part of these proceedings. Marshall shall have until **April 20, 2023** to file his amended complaint.

In the "statement of claims" section of his amended complaint, Marshall must link any claims he makes to a named defendant. If Marshall fails to link a named defendant to a claim, the claim will be dismissed; if Marshall makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.

Marshall must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of his rights under a specific law. It is also recommended that, when drafting his "statement of claims," Marshall list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Marshall injured as a result of each defendant's actions?

The amended complaint will take the place of and supersede Marshall's original complaint.  *Schreane v. Middlebrooks*, 522 F. App'x 845, 847-48 (11th Cir. 2013).  Marshall may not refer to, or incorporate by reference, his previous complaint.  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).  *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Marshall's motion to proceed IFP (Doc. 2) is **GRANTED**, and Marshall is ordered to amend his complaint no later than **April 20, 2023**.

**SO ORDERED**, this 30th day of March, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT