**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **KAREEM MARSHALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:23-cv-106 (MTT)** |
| | ) | |
| **CENTRAL PORTFOLIO, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On June 13, 2023, the Court dismissed plaintiff Kareem Marshall's amended complaint for failure to state a claim.  Docs. 5; 6.  Marshall now moves to vacate that judgment under Federal Rule of Civil Procedure 59(e) and for leave to file a second amended complaint.  Docs. 7; 8.

"[T]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact."  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (cleaned up).  "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Id*.  Marshall argues the judgment dismissing his amended complaint should be vacated because (1) he "clearly defin[ed] material facts" to support each of his claims, and (2) he has additional exhibits that would support his claims.  Doc. 7.  But as the Court stated in its order of dismissal, it was entirely unclear from Marshall's amended complaint what exactly he complained of and what facts formed the basis of his claims.  Doc. 5.  And the inclusion of additional exhibits would not defeat the reality

that his amended complaint failed to contain sufficient factual matter to plausibly state a claim.  Therefore, his Rule 59(e) motion to vacate the judgment (Doc. 7) is **DENIED**.

Moreover, leave to file an amended complaint under Federal Rule of Civil Procedure 15(a) "has no application once the district court has dismissed the complaint and entered final judgment for the defendant." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006).  "Post-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." *Id*.  Here, Marshall has not been granted relief under Rule 59(e).  Thus, he is not entitled to amend under Rule 15(a).  In any event, prior to dismissal, the Court gave Marshall the opportunity to amend his complaint and provided him with directions on what to include in his amended complaint.  Doc. 3 at 5-6.  With that opportunity, Marshall still failed to state a claim.  Accordingly, his motion for leave to file a second amended complaint (Doc. 8) is **DENIED**.

**SO ORDERED**, this 28th day of July, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
